The next matter, number 24-1098, Luther C. Parenti et al. versus Nelson Lefebvre et al. At this time, would counsel for the appellants please introduce themselves on the record to begin. May it please the court, Special Assistant Attorney General James Arguin, representing the Rhode Island Department of Corrections, and its officers sued in their official capacity. If the court permits, I'd like to reserve two minutes for rebuttal. Okay, you may. Let's proceed. Thank you. The state respectfully requests that the court, on de novo review, reverse the district court's decision, which held that the state waived its 11th Amendment immunity from suit under the Rhode Island Civil Rights Act, which, for ease of reference, I will be referring to as RCRA. Reversal is warranted for two reasons. First, it is undisputed that Wigler's text contains no express declaration sufficient to meet the stringent test that the United States Supreme Court has required for waivers of 11th Amendment immunity. Second, unlike the situation presented in this court's 1986 decision in Dela Brota, that gap has not been filled by an authoritative declaration from the state Supreme Court holding that RCRA statutory claims are subject to the State Tort Claims Act waiver of immunity for what that statute refers to as actions of tort. And it's also important to emphasize at the outset that any ambiguity in terms of the state's waiver of 11th Amendment immunity must be resolved in favor of the state retaining that immunity. Counselor, let me ask you, isn't this perhaps an issue, because you refer the Rhode Island Supreme Court hasn't ruled on this or that, isn't this a good issue for certifying it to the Rhode Island Supreme Court? We respectfully know, Your Honor, the issue in this case can be resolved solely on federal grounds. As I already articulated, this test set by the United States Supreme Court establishes a very stringent standard for waiver of 11th Amendment immunity. On the face of the statute, that waiver standard has not been met under RCRA, because there is no express declaration in the text. And furthermore, unlike the situation- So you're suggesting that the statute would have to say we're waiving RCRA, you can know 11th Amendment immunity for RCRA. What the test requires from the Supreme Court is that the statutory text in question, the RCRA text, contain an express waiver of sovereign immunity, as well as 11th Amendment immunity permitting suit in federal court. So the statute that we have now waives the immunity in state or federal court, but it just goes to, I guess, torts or intentional torts. It doesn't specifically say RCRA. What you're saying is that RCRA has to be included in that language, or in the RCRA statute there would be a reference to that waiver. Yeah. There's two issues. One is the statutory text, which is entirely silent on the question in this case. That gap can be filled, as this court held in Del La Grada, with the speaking, the affirmative finding, and authoritative declaration from the state's highest court saying that despite that silent statute, we interpret legislative intent as saying that the state has waived its immunity under the 11th Amendment pursuit in federal court. That was the essence of what the Supreme Court of Rhode Island did in Laird, but it did that in relation to the State Tort Claims Act. And I think where the district court went wrong here is that it relied on Laird to create an inference that that waiver applicable to only actions of tort applied with full force to the RCRA statute. And why can't we do that same analysis and maybe reach that result or the opposite result? It necessarily has to be the state Supreme Court? Well, first of all, there are several reasons why there should be no such inference that RCRA is the same as an action of tort. And secondly, on the second point Your Honor raised, it is of course within this court's prerogative to predict how the Rhode Island Supreme Court would rule on a question of state law. And the only question of state law that's relevant here is what was the state legislature's intent in enacting RCRA? Did it intend RCRA to be subject to the tort claims waiver that had already been enacted or that was enacted several years before in the State Tort Claims Act, which is the one that was issued later? Or we could establish that the language of the statute, we could establish that the decide that the Rhode Island Supreme Court would encompass the RCRA claim as a tort. Yeah, but the court's job in trying to predict how a state court would rule on an issue that has not been presented to it. And the specific issue in this case is are RCRA claims subject to the State Tort Claims Act waiver has never been presented to the Rhode Island Supreme Court? So there is no authoritative decision from the Rhode Island Supreme Court saying that RCRA actions are subject to the general tort claims waiver that was implemented in the State Tort Claims Act. And here's why. Counsel, I think the set of questions from Judge Helpe also gets at the issue that I think is trickiest about this case, which is really the question of is it a question of state law or is it a question of federal law whether the Rhode Island Supreme Court's decision on Laird covers the situation? That basically seems to me the key issue here, right? Based on how the district court approached it, does Laird apply? Is that a question of state law or a question of federal law? I think it's a two-step inquiry. Application of the stringent test that the Supreme Court of the United States in Edelman and at Toscadero has established for waivers is a federal question. But included in that, particularly under the Dogallo decision that this court issued in 1986, is we also defer to what the state Supreme Court says on questions of state law. And the question of state law is what was the state legislature's intent in enacting the statute? And I think there we have all the signals in the legislative intent and the Rhode Island Supreme Court's interpretation that show that no inference should be drawn that RCRA was intended to be subject to the State Tort Claims Act. And I go primarily first to the text of RCRA, which the Rhode Island Supreme Court most recently in its FUD, F-U-D, FUD, Inc. decision, has helped create a hybrid mechanism. It recognizes on the one hand broad public policy interests and on the other hand creates a private right of action for damages for persons whose rights are violated. Now turning to the first part, the public policy reflected in RCRA has this broad rights-affirming language promoting equal treatment of persons in all manners of life, including contract, inheritance, taxation, conveyances of real property. All of those areas are unquestionably not torts. And in fact, in Laird itself, the Rhode Island Supreme Court said that an assessment of taxes is unquestionably not a tort subject to the State Tort Claims Act. But here we're talking, I would sort of say, the equivalent of civil rights in federal court. And those are considered torts. And that's true, Your Honor. But what's difficult to do is to parse a statute, particularly a state statute, so that some causes of action are torts and others are not. And that's what, in Laird itself, they said that certainly the equal treatment of taxes and the assessment of taxes are not torts subject to the State Tort Claims Act. So how does one pick other pieces of the same statute and say these are waived, these are not? It's one statute. It must be read as one consistent whole. And had the legislature wanted it to reach all of these various walks of life where it's created affirmative rights to equal protection, then it could have used broader language. It could have said all wrongful acts. But it didn't. It said actions of tort. And it also is true that the hook that really, I think, persuaded the district court was that the RCRA creates private rights of relief. So it does give rise to damages actions for what are arguably injuries to the person. But it does a lot more. It also gives injunctive declaratory relief, attorney's fees, things that are not normally available in tort actions. And in fact, the Rhode Island Supreme Court, in its Follin decision, specifically held that the paramount purpose of RCRA goes well beyond compensation for physical injury. And in Horn, it went further and said that the legislature of Rhode Island specifically intended that RCRA actions would be treated differently from all other arguable injuries to the person. Counsel, can I just, again, try to understand, what do you suggest? I just want to make sure I understand your argument about the order of operations in which we should do our analysis here, given the interplay between the state and federal law. So are you suggesting we don't start with Laird and whether RCRA is covered by the holding in Laird? We should just go directly to the text of RCRA and look at whatever we can figure out about what the legislature of Rhode Island intended? Or are you saying we go to Laird and because of Laird itself, look at legislative intent for the state tort claims? In other words, because I do think it matters to the outcome of this case, how one thinks of the interplay of the state and federal issues. And I think the answer is first, most fundamentally on the federal question, has the strict standard of waiver been satisfied? The answer is absolutely it has not. And that alone resolves this case. What I'm addressing here are really ambiguities in terms of what state law means or what the state legislature intended in terms of whether RCRA is subject to the general tort waiver and the state tort claims act. And why do you say it's completely clear that under the federal standard you win? It's because there's nothing in the text of RCRA and Laird is not about RCRA? I mean, is it as simple as that? Is that your argument? It is, because the standard tells you to look at two places and two places only. The first is the statutory text. Is there an express declaration in the statutory text? The answer has to be no, and it's not contested that there is. The second one is the gloss that's been given because under the Delgado decision where the silence of the legislature can be filled by the voice of the Supreme Court of the state. In this case, though, the Rhode Island Supreme Court has expressed no opinion on this matter. It's never had the issue before. And I think then you have to get into the predictive mode of how would the court rule. Let me tell you, that's where I go back to what I asked you sort of initially. Should we certify this? And I'm sure Ms. Davis is going to come up in about a minute and a half and have an equally, at least you've been taking notes, equally convincing argument, which we have to wait. Wouldn't it be better for the Rhode Island Supreme Court to decide this issue once and for all and it's to the benefit of every litigant in Rhode Island to the Attorney General, at least there's a clear view, because if we predict and let's assume we rule not in your favor, that's an issue for you also for future cases because you have this, at least at federal court, you have this adverse presence. So I don't know. Your Honor, certainly it is the prerogative of the court to certify the question. There's no objection to that. My point is only that there's really no reason to do it because the case can be resolved on the federal standard that it is not met and, therefore, that the district court decision should be reversed for that reason alone. Now, what the court, what this court has held in cases like Butler v. Valoa, 736F3-609, when there is no control of presence and the court has called upon to decide a question, it should proceed to decide and use its predictive capacity to find what would the state court do. How would the state court most likely rule on this issue? And if I may, the state court here would most likely rule on it consistent with what it's already said. RCRA is different from ordinary or other arguable types of injuries to the person. And this also has been reflected in how the state legislature has reacted or interpreted RCRA. In 2009, for instance, there was an issue of changing RCRA's statute of limitations. The Rhode Island legislature stepped in and amended RCRA specifically to add its own limitations period. Now, what it could have done, had this just been like any other injury to the person, was it could have incorporated the residual statute of limitations under Rhode Island law that is applicable to most tort actions, but it didn't. It supplied a special limitations period specifically for RCRA claims, which is consistent with how the Rhode Island Supreme Court has interpreted the statute as being something different than most other ordinary injuries to the person. Counsel, you are quoting the Rhode Island Supreme Court. And why doesn't that really buttress the proposition that certification would be property of the earth? And, you know, quoting from Ratburn, the first circuit case 2004, where there are subordinate questions of state law, and where a state's highest court has not spoken on a matter of state substantive law, a federal court sitting in diversity must ascertain the rule the state court would most likely follow under the circumstances, even if its independent judgment on a question might differ. And as I understand your response to queries from Judge Helty and Judge Rickleman, it is your view that it would be within this court's discretion to certify the question to the Rhode Island Supreme Court. Thank you, Your Honor. Ratburn, in fact, answered the question at issue, which also involved the statute of limitations relevant to RCRA. And what's significant is I think the Ratburn approach was exactly what the approach I'm articulating, which is the court should look at the indicia that are out there and the guideposts that have been set by the Rhode Island legislature and the Rhode Island Supreme Court to make its own determination of whether, and it's not just a waiver of 11th Amendment immunity, it has to be a waiver that meets the federal standard of waiver, the strict standard set in Atascadero. But to meet the federal standard, we need to figure out what Rhode Island Supreme Court would interpret that statute. And I think as Judge Caspin has just noted, in Ratburn, the court on the very same statute, proceeded to make this prediction in terms of how the Rhode Island Supreme Court would rule on this very issue. You're arguing that we only certify for specific reasons. We don't just certify because it's a difficult question. It's our job to decide difficult questions. That's essentially your argument. And that's exactly how this court has framed the issue in the case I cited. That is, it's the court's job when an issue is presented to decide. Now, of course, the court has full discretion as to whether or not it wants to do that or it wants to certify the question. Let's hear then from Ms. Davis. You have two minutes for rebuttal. Ms. Davis, your turn. Please identify yourself for the record. May it please the Court. My name is Chloe Davis on behalf of Appellees Luther Parenti and Eric Stewart. And let me ask you if you want to start by addressing the certification issue, which the three of us, I guess, have asked one way or another. And I would like to add also that Rhode Island Supreme Court, just like I assume all the states, has enacted a certification rule that's available, which invites federal courts to seek a ruling on particular matters of purely state law. So what's your thoughts as to certification? So this court certainly has the right, it's prerogative, to certify a question to the Rhode Island Supreme Court. And we would have no specific objection to that other than the fact that both Laird and De La Grada fully and completely answer this question. There is absolutely no ambiguity about what the Rhode Island Supreme Court and the General Assembly meant when they passed the State Tort Claims Act. And De La Grada has answered and rejected all of the arguments that the DOC is currently making. Can you, I know you're going to explain, but if you could really focus on, I am struggling with the notion that Laird completely answered this question. You know, Laird, of course, was about your vanilla tort claim, it was a car accident. De La Grada is about a Section 1983 claim, underlying facts are a common law tort, false arrest, false imprisonment. And the statute, the State Tort Claims Act, applies to all actions in tort. So I don't think you can say that Laird flatly answers the question. I think the argument you're making is this is an action in tort, and therefore it answers the question. But it doesn't on its face, because it deals with a car accident case, answer the question of whether RCRA is covered as well. So it seems like we would be enlarging the holding of Laird to conclude that it applies here. Could you address that specific point? Absolutely. Let me explain why Laird fully answers this question. So the State Tort Claims Act says, the state shall be liable for all actions of tort in the same manner as a private individual or corporation. So it's not simply the language that all actions of tort. It's the complete statement, all actions of tort in the same manner as a private individual or corporation. And Laird, in interpreting that language, certainly found no ambiguity, and then went further by articulating what a plaintiff would need to present in order for the State Tort Claims Act to apply to a claim, and stated, in order to have an actionable claim against the state, just as with a private defendant, a plaintiff must show that there was a breach of a duty owed to him or her in an individual capacity, and not merely a breach of some obligation owed to the general public. So the question is, did RCRA create a legal duty, and has the plaintiff alleged that there was a breach of that duty? And I don't think anybody could argue that RCRA does not create a legal duty, or that the plaintiff asserted a breach of that duty. The plaintiff's claims at issue in this case involve the failure to provide adequate medical care for the plaintiff's foot and ankle injuries and mental health needs. And that conduct that forms the basis of the plaintiff's Eighth Amendment claims for violations of cruel and unusual punishment, and disability discrimination under the ADA, is the exact same conduct that the plaintiff is asserting gives rise to their RCRA claims. It's for disability discrimination, and RCRA creates the duty that the plaintiff then alleged had been breached. And that's as much as the plaintiffs need to prove in order to have a claim against the state in either state or federal court, and that's precisely what Laird held. That that is all a plaintiff needs, and if a private corporate defendant can be sued for a breach of the asserted legal duty, then so can the state. Laird did not assert that there were any distinctions between claims against a defendant tortfeasor and claims against the state, as long as the claim asserts a legal duty, a breach of a legal duty. And so in responding to Laird, in interpreting Laird, this court in Dela Grada specifically applied that holding to a separate statutory tortious scheme, that being Section 1983. And there's no difference whatsoever between claims brought under Section 1983 and claims brought under RCRA for purpose of what is before the court in this case. In fact, the plaintiff's claims under RCRA are the same claims as they are making under the Eighth Amendment pursuant to Section 1983. In both schemes, the remedies are the same, the analysis is the same, which is just ease their legal duty and have the plaintiff's asserted a breach of it. And so that's why we say that both Laird and Dela Grada together fully answer this question. There's no ambiguity left. The only question is, what's a tort? Are the plaintiff's claims under RCRA a tort? Meaning, is there a legal duty that's been breached? And the DOC has specifically raised claims or made arguments that were expressly rejected by Dela Grada. So the argument that the district court should have been conducting its own analysis based on the U.S. Supreme Court's strict test for waiver, that was expressly rejected by Dela Grada. Dela Grada said to the district court, it would be absolutely inappropriate for you to be conducting that analysis when the Rhode Island Supreme Court has already done it and already told us what to do. And then the First Circuit in Dela Grada then said, that holding applies to 1983 claims, and that's the end of the analysis. There's no logical or legal reason to treat RCRA claims different than the First Circuit treated Section 1983 claims. In either case, you're applying Laird to a legal duty. So in your view, the facts of Laird and the facts of Dela Grada don't matter at all, and as long as you've got a statute that creates a legal duty and a claim of breach, it's a tort and it's covered by Laird. Is that essentially your argument? That's what Laird said. Well, Laird couldn't have said that because it was only looking at a claim that's squarely, I mean, nobody could argue that a car accident fell under the State Tort Claims Act statute that it was interpreting at that moment. So you're just saying anything that creates a legal duty, even if it's a different statute, is automatically a tort under Laird. That's your position. Yes, because neither the State Tort Claims Act nor the decision in Laird created or referred to any specific torts. You know, the State Tort Claims Act does not incorporate any specific torts, and so all torts that it has to apply to exist outside of itself. I think Judge Caspin has a question. Yeah, following up, Counsel, on your responses and also circling back to the Acevedo-Lopez case, which, as you know, stands for the proposition that a State's waiver of sovereign immunity must be unequivocally expressed and leaves no room for any other reasonable interruption. So do I understand that it's your position that the meaning of tort is so clear in the Tort Claims Act that it must also include the brick road? Not just in the State Tort Claims Act, but also in Laird, because Laird interpreted that language, did not assert that there was any ambiguity to the language, and reviewed with approval Meripesi numerous times, which I think is important because Meripesi conducted a very thorough review of the Rhode Island State Tort Claims Act compared to other State Tort Claims Acts passed at the time in 1970 and concluded that the Rhode Island Tort Claims Act is remarkable for both its substantive breadth and its procedural simplicity. And what Laird said was that we are conducting that strict analysis. We have reviewed the Rhode Island State Tort Claims Act. We've reviewed it in the context of the legislative history, meaning how the General Assembly had previously addressed sovereign immunity and 11th Amendment immunity, and we conclude that there is no other alternative interpretation that could be reached other than that the State Tort Claims Act applies to all actions of tort in the same manner as a private individual or corporation. Does that answer your question, Your Honor? It answers my question. I'm not speaking to my colleagues. Counsel, you know, you referred to Meripesi. I don't know if I'm pronouncing that correctly, but the thing about that decision, which is very thorough and very carefully reasoned, is it comes to the conclusion that the waiver of sovereign immunity only applies to things that can be understood as common law torts. So I think, again, going back to the questions that I think both Judge Katzmann and I have been asking, it's not plain on the face of Laird that RCRA would be considered a common law tort if that was the standard. So I'm glad that you brought that up because Meripesi does contain that language that Rhode Island, through the enactment of Section 931-1, did consent to liability under Section 1983, and then it said, quote, at least insofar as the challenged official conduct would have been tortious at common law, end quote. That language was not adopted by Laird. That language never appears in Laird. And so even though the Rhode Island Supreme Court refers to Meripesi several times with approval, it does not specifically adopt that phrase. But that's because there wasn't a Section 1983 claim at issue in Laird. Again, Laird is your vanilla common law tort claim. There's a car accident and there's a claim of negligence and I think maybe a product liability claim. So there was no reason for the Supreme Court of Rhode Island to look at that issue. So again, I think the real question, we understand your argument and you're presenting it very well, but if we're taking a logical step, is that enough to satisfy the federal standard, which requires it to be crystal clear for us to find a waiver by a state? Well, I would say that it is enough and it is crystal clear specifically because of Dela Grada. So Dela Grada then took Laird and applied it to Section 1983 claims without any analysis. It didn't even explain necessarily why it was obvious that it applied to Section 1983. It simply stated, therefore the plaintiff's claims under Section 1983 are torts and the state has waived sovereign immunity and 11th Amendment immunity to those claims. But I would also go a step further and just say that the plaintiffs, if we wanted to somewhat accept the DOC's claim that it applies to traditionally tortious conduct, which I would not concede, but the plaintiffs' claims in this case are very similar to traditionally tortious conduct because the claims are for inadequate medical care, which is very similar to medical malpractice and negligence. Those are clearly common law torts. So the conduct that the plaintiffs are complaining of, which is the only thing that the court should be looking at, because that's what Laird said, looks at whether there's a duty owed and whether there's a breach. And so you don't look at the entire RCRA statute. You look at what the plaintiff is actually claiming and the conduct that's at issue. And so this conduct in this case rests somewhere between negligence and medical malpractice and deliberate indifference under the cruel and unusual punishment standard. And no matter where it falls on that spectrum, it's tortious. And I don't think there's any case law that's been asserted that would claim that that conduct is not tortious. Counsel, just to let you know, you have two minutes left. Are you going to start wrapping up? Yes. So I just wanted to make one final point, which is that the Rhode Island Supreme Court, if this court found that Laird and Della Grotta do not answer this question completely, the DOC's counsel did raise in their reply brief the decision of the Rhode Island Supreme Court in the preserve at Boulder Hills versus Kenyon, which was just decided in April of this year, which actually conducted, I think, the analysis that the court should specifically be conducting, which is in that case, the court analyzed what claims must be brought against the state within three years pursuant to section 9125A. And 9125A states that cases involving actions or claims in tort must be brought against the state within three years. And so the court specifically looked at, what does that mean? What does cases involving actions or claims in tort mean? And it looked to the American jurisprudence second on torts, and it found that a tort constitutes an invasion of a private interest for which the plaintiff seeks compensation for damage that they have personally suffered and a judgment to fairly allocate the loss. And the court in that case looked at, and it's a unique case because Rhode Island has a civil enforcement statute for crimes. So individuals can bring civil lawsuits for criminal conduct. And the court looked at, what is the underlying conduct that's being complained of, and is it tortious? And in that case, it was obtaining money under false pretenses, and the court found, yeah, that's tortious conduct. And so I think that between Laird and De La Grada and the preserve, this question has been answered. Thank you. Thank you. Mr. Arguin, you have two minutes remaining. Thank you, Your Honor. James Arguin on behalf of the appellants. Laird did not authoritatively resolve this issue. As I noted earlier, RCRA by its text is not limited to anything that would be regarded as tort claims. It includes equal treatment and a whole range of matters affecting life, including taxation, conveyances of real property, inheritance. What's more significant is that even Laird itself, the court considered, is an assessment of taxes torts. And what did it say? No, they are not torts, and they are not subject to the State Tort Claims Act. One cannot pick and choose among a statute. But isn't taxes something very different to the purpose of the statute? But the purpose of the statute is intended to further a public policy. That is what the Rhode Island Supreme Court has always looked at. It is not simply a vehicle for recovering personal injury damages for individual plaintiffs. It is a tool for the legislature to achieve a broader public purpose. That is what the Rhode Island Supreme Court has held in Fulwood, in Weeks, and in Horn. It has repeatedly emphasized that. And as I noted earlier, it also has used that broader public policy as a reason for saying the legislature did not intend RCRA to be treated in the same manner as other arguable injuries to the person, including those that counsel has articulated. De La Grada is entirely consistent with this approach. What happened in De La Grada was they simply, the court here, simply deferred to the Rhode Island Supreme Court's authoritative determination that a tort claim was subject to the State Tort Claims Act. And what it did was look further than the language of the statute itself, which was silent on whether claims could be brought in federal or state court, and applied its own, it deferred to the Rhode Island Supreme Court's interpretation that that act was intended to apply equally to state and federal court. There is simply no such language here. And the district court erred in substituting its judgment for that of the Rhode Island Supreme Court and or the Rhode Island legislature because the statutory text simply does not meet the stringent standard. OK. Thank you, counsel. And thank you, opposing counsel. At this time, we're adjourned.